THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALEJANDRO ACOSTA PADILLA, Defendant and Appellant.

No. 7956. Argued January 25, 1940.—Decided February 14, 1940.

*P. Nelson Colberg and Enrique Báez García* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The defendant was charged in the District Court of Mayagüez with the ''unlawful, wilful and malicious transportation, keeping and offering for sale, for human consumption, of adulterated cow's milk.'' In the information a former conviction is alleged against defendant, who in 1930 was convicted of the same offense, in case No. 7189 of the same court.

After a trial the lower court convicted the defendant and sentenced him to six months in jail and to a $500 fine, with costs; it further ordered the cancellation of his license for selling milk. Feeling aggrieved, the defendant appealed and assigns the following errors as committed by the trial court:

1. By prohibiting the defendant from ascertaining whether in transactions connected with the case there had been any money consideration, without any objection from the district attorney.

2. By directing that the hearing of the evidence on the second offense be proceeded with, in spite of the fact that the district attorney did not try to show it, thus showing passion, prejudice and bias against the defendant.

3. By refusing to grant a recess so that the defendant might produce evidence for his defense.

■■ The incident referred to in the first assignment of error occurred during the testimony of Luis Hernández Aquino, inspector of dairies. He testified that he saw the defendant in a small village on the outskirt of Cabo Rojo, carrying small cans of milk containing four quarts and a half; that the defendant was crying out the milk for sale and that he fled at the sight of witness; that he intervened and took a sample, which was sent to the laboratory to be tested. Defendant's attorney cross-examined him as follows:

''Q.—Did you see money passing hands when he was delivering the milk to the neighbors to which you refer?

''A.—That cannot be seen.

''Q.—And how do you know that he was selling it?

''A.—Because he was crying it for sale.

"Q.—But did you notice whether any of the persons to whom he delivered the milk handed money to him?

"A.—Well, if one has to see all those details. . ."

The judge then intervened saying: "The court is of the opinion that the agents who take a sample of milk are not concerned with people paying." The defendant took exception.

The lower court construed the law correctly. The offense defined in Act No. 12 of August 1925, is committed by transporting, keeping and offering for sale, for human consumption, adulterated milk. The consummation of a sale is not an essential element of the offense. It is sufficient that the defendant transports adulterated milk and that he offers the same for sale for human consumption. This being so, it was not error for the court to inform the defendant that the district attorney was not bound to prove the consummation of the sale. A judge has discretion to regulate the order of admission of the evidence, and he may call the attention of the parties to the relevancy or irrelevancy of the questions put by them.

██ Let us consider the second assignment. After the testimony from the chemist of the Department of Health to the effect that he had analized the sample of milk taken from the defendant with the result that the milk had ten per cent of water artificially added, the district attorney submitted the testimony of inspector of sanitation Elpidio Pabón Tull. To the question from the district attorney whether he had seen the defendant on January 14, 1930, and whether at that time he took from the defendant some samples of milk, the witness answered affirmatively. To the question from the district attorney "What was the result of the analysis of that milk?", the defendant objected and alleged that if what was sought to be proven was that the defendant was a second offender, the best evidence would be the record and the judgment book; and as regards the adulteration of milk, the report on the chemical analysis.

The judge intervened by asking the witness whether he had filed any complaint against the defendant. The witness answered that he had filed it before in District Court of Mayagüez. Thereupon the judge called the clerk of the court and requested her to bring the book containing the record of the former case against the defendant, and said:

"The court is of the opinion that if a second offense is alleged and the information contains the allegation of the case where he was convicted of a similar offense, and if it was in this very court, it is within our power to look at it, so as to do full justice to the defendant."

The clerk brought the judgment book and the district attorney submitted as evidence the evidence produced in case No. 7189 against Alejandro Acosta Padilla upon the charge of adulterating milk. The defendant objected on the ground that the judgment submitted in evidence did not refer to the same offense and because it had not been shown that the defendant in the former case was the same defendant in the case at bar. The court admitted the evidence and the defendant took an exception. The appellant in his brief does not insist on this point. He only complains that the judge should have asked the clerk to bring the judgment in the former case in order to ascertain whether or not the defendant was a second offender.

A former conviction is not one of the elements constituting an offense. It is merely an aggravating circumstance which the court is bound to take into consideration when imposing the sentence. In the information a former conviction was alleged, stating the number of the case in which the defendant had been convicted. When the district attorney tried to bring the fact of the former conviction by oral testimony, the defendant objected and alleged that the best evidence was the judgment book. It was then that the court directed the book to be brought before it, and it does not appear from the record that the defendant objected or took exception. That defendant Alejandro Acosta Padilla was

the same Alejandro Acosta accused and convicted in case No. 7189, was clearly established by the testimony of inspector Pabón.

■ The third assignment raises a question which deserves serious and careful consideration. When the prosecution rested, counsel for the defendant asked for five days to submit the evidence for the defendant. Upon refusal to grant his request, the defendant took exception. The following dialogue between the judge and the defendant appears from the record:

"Attorney Colberg: We want to state that if we have not got ready today the evidence for the defendant, which is just and meritorious, because it is sought to prove that the defendant is not guilty, it was because in the present case counsel for the defendant had in mind to apply to the court in an effort to compromise the case with the prosecution and with the consent of this court it was stipulated. . .

"Judge: Is the idea of counsel that these offenses may be compromised with the prosecution?

"Attorney Colberg: I am of the opinion that any offense can be compromised. If a compromise can be reached regarding murder, homicide, an attempt upon life, an assault and battery, it is my opinion that a compromise may be reached in regard to adulteration of milk, provided such compromise is authorized by the court with the consent of the prosecution. That there was an understanding in this case with district attorney Díaz Viera and the acting district attorney will be proved by this counsel, who respectfully applied to the court and agreed with the titular district attorney Enrique Díaz Viera and subsequently with learned colleague Vicente Palés Matos that if the court so permitted, the former conviction would not be shown in the present case, in view of the fact that it is questionable whether it can be shown that this Alejandro Acosta who appears as defendant in the previous prosecution, in the same Alejandro Acosta Padilla, who is now charged in the present case before the court. My colleague admitted that what is involved is a supposed previous offense committed nine years ago; he admitted always that the court would consent to the former conviction not being shown, taking moreover into consideration the age of the defendant, 57 years. At the time this counsel was compromising the matter, district attorney Díaz Viera spoke to the Judge of this court, Hon. Francisco Navarro

Ortiz, who told this counsel that if the district attorney connsented, he did not see any objection to the former conviction not being alleged. If I remember rightly, Your Honor told me in his office that this matter concerned the district attorney and that if the district attorney did not allege a former conviction there would not be any objection on his part.

"Judge: That is a fact.

"Attorney Colberg: And this is why this party, considering that the compromise reached with district attorney Díaz Viera and then ratified by acting district attorney Vicente Palés Matos, and ratified by the Hon. Judge of this court, Francisco Navarro Ortiz. . .

"Judge: No, that is not so. The court told counsel that if the district attorney did not allege a former conviction it had no objection then, nor has it now, to have such fact not being alleged.

"Attorney Colberg: These are the reasons: I plainly say that the compromise referred to the not bringing of evidence on a former conviction or not to allege the same, and as the former conviction appears in an information where the same is alleged the district attorney has to prove it. Now, he accepted the compromise not to prove it and it is an abuse of discretion on the part of the court to try to introduce evidence as to a former conviction, inasmuch as the prosecution had consented not to show it.

"Judge: It is now time for this court to stop the practice of compromising cases outside the court. The judge who presides this court means to stop such practice which is detrimental to the rights of The People of Puerto Rico. The court cannot consent either to have a case put off after having been commenced, until the defendant prepares his defense. Let the evidence for the defendant be introduced.

"Attorney Colberg: We submit the case and we take exception to the words of the Hon. Judge of this court."

The district attorney by being present and remaining silent, admitted having been a party to the alleged agreement not to prove the former conviction against the defendant.

The practice described in the above dialogue deserves our most emphatic censure and reproval. It is the duty of the prosecution to submit all the evidence legally available to him to establish the guilt of the parties against whom charges are brought. It would be an open breach of such duty if,

having sufficient evidence that a homicide had been committed with malice and deliberation, he should agree with counsel for the defendant to suppress such evidence at the trial, so that the defendant should not be convicted of murder, in accordance with the information, and should be only convicted of homicide. If it were admitted that the district attorney is authorized to suppress part of the evidence, we would have to admit that he is authorized also to suppress the whole of it and to condone any offense by means of such suppressions. Agreements of such nature are contrary to public policy and as such are entirely void. *People* v. *Collazo*, 51 P.R.R. 437.

The judgment appealed from must be affirmed.